UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE SZYMANSKI,

    Petitioner,                                    Civil Action No. 14-CV-10305
                                                                     HON. BERNARD A. FRIEDMAN

vs.

UNITED STATES MARSHAL, et. al.,

    Respondents,
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

This matter is before the Court on petitioner's *pro se* complaint for a writ of mandamus. Petitioner is an inmate confined at the Newberry Correctional Facility located in Newberry, Michigan. Upon review of petitioner's case and his litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . ." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Petitioner failed to provide the $350.00 filing fee when he filed his complaint.

Under the Prisoner Litigation Reform Act of 1995 (PLRA), "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount

of a filing fee." 28 U.S.C. § 1915(b)(1). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). The PLRA's restrictions on prisoner litigation apply to mandamus petitions which seek relief analogous to civil complaints filed under 42 U.S.C. § 1983. *See Misiak v. Freeh,* 22 F. App'x 384, 386 (6th Cir. 2001). Because petitioner has not submitted the necessary $350.00 filing fee for a civil action, the Court will construe his complaint as a request to proceed *in forma pauperis*. *See Corrion v. State Treasurer,* No. 12-15101, 2012 WL 5990119, at *1 (E.D. Mich. November 30, 2012).

     A search of federal court records indicates that petitioner has filed five prior civil rights complaints, all of which have been dismissed. *See Szymanski v. Wayne County Jail, et al.*, No. 96-60010 (E.D. Mich. Mar. 6, 1996); *Szymanski v. Detroit Police Dep't, et al.*, 96-40426 (E.D. Mich. Jan. 24, 1997); *Szymanski v. Gheesling, et al.*, No. 95-73577 (E.D. Mich. Jan. 10, 1996); *Szymanski v. Zilli, et al.,* No. 95-72428 (E.D. Mich. Jul. 31, 1995); *Szymanski v. Peppler*, No. 89-73061 (E.D. Mich. Nov. 14, 1989). Additionally, petitioner has been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, in at least two cases. *Szymanski v. Eagen, et. al.,* No. 12-12067, 2012 WL 3061075 (E.D. Mich. July 26, 2012); *Szymanski v. Zilli, et. al.,* No. 12-12356 (E.D. Mich. June 27, 2012).

     Under the PLRA, a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g);

*Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil action absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). In addition, a prisoner may not use a mandamus petition to evade the requirements of the PLRA. *See In re Brown*, 409 F. App'x 591, 593 (3rd Cir. 2011). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Petitioner has at least five prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. More importantly, petitioner was subsequently advised by federal district judges on at least two separate occasions that he was precluded from proceeding *in forma pauperis* in these other civil actions pursuant to § 1915(g) because of these prior dismissals.

As the Seventh Circuit has noted, "[a]n effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999). In this case, petitioner has committed what amounts to a fraud upon this Court by requesting *in forma pauperis* status without revealing that other federal judges have previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *See Campbell v. City of Chicago,* 179 F. App'x 395, 396 (7th Cir. 2006); *see also Fields v. Gilmore,* 145 F. Supp. 2d 961, 963 (C.D. Ill. 2001); *Ward v. King,* No. 08-15061, 2009 WL 367859, at *2 (E.D. Mich. Feb. 12, 2009); *Demos v. U.S.*, No. 08-13965, 2008 WL 4387327, at *2-3 (E.D.

Mich. Sep. 24, 2008); *State Treasurer v. Garrison*, No. 08-13018, 2008 WL 2831241, at *2 (E.D. Mich. Jul. 21, 2008).

Moreover, petitioner has not alleged any facts which would establish that he is in imminent danger of serious physical injury. Thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his five prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x 470, 472 (6th Cir. 2002). The complaint for writ of mandamus is therefore subject to dismissal pursuant to § 1915(g).

Since petitioner has had five prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith. Accordingly,

IT IS ORDERED that petitioner's *in forma pauperis* status is denied and the complaint for mandamus is dismissed pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED AND CERTIFIED that any appeal taken by the petitioner would not be done in good faith.

DATED: **March 28, 2014**

                                          **S/ Bernard A. Friedman**_____
                                          BERNARD A. FRIEDMAN
                                          SENIOR UNITED STATES DISTRICT JUDGE